IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THUNDERFOOT, both in an individual capacity, and as Trustee of THE RAINY DAY LIVING TRUST and as Personal Representative of THE ESTATE OF BRENDAN SEAN GYPKHAIM CHARLIE (deceased), and as Representative of THE NATIVE AMERICAN CENTER, 501(c)(3) nonprofit corporation, and as the Representative of the JUNGLE KING COMMUNITY ASSOC., a 501(c)(3) corporation, and as the Representative of DRAGONFLY MOON NOVELTIES, a domestic profit sole proprietorship,<br><br>     Plaintiff,<br><br> v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>     Defendants. | CIV. NO. 23-00006 JMS-WRP<br><br>ORDER (1) GRANTING VARIOUS DEFENDANTS' MOTIONS TO DISMISS, ECF NOS. 224, 226, 229, 231, 232, 236, 239, 247, 248, 283, 292, 293, 294, 295, 296, 297, AND 303; (2) GRANTING VARIOUS DEFENDANTS' MOTIONS FOR JOINDER, ECF NOS. 240 AND 256; AND (3) DENYING PLAINTIFF'S MOTIONS, ECF NOS. 326, 331, 332, 339 AND 340 |

**ORDER (1) GRANTING VARIOUS DEFENDANTS' MOTIONS TO DISMISS, ECF NOS. 224, 226, 229, 231, 232, 236, 239, 247, 248, 283, 292, 293, 294, 295, 296, 297, AND 303; (2) GRANTING VARIOUS DEFENDANTS' MOTIONS FOR JOINDER, ECF NOS. 240 AND 256; AND (3) DENYING PLAINTIFF'S MOTIONS, ECF NOS. 326, 331, 332, 339 AND 340**

## I. INTRODUCTION AND BACKGROUND

Pro se Plaintiff Thunderfoot, both in an individual capacity, and as

Trustee of the Rainy Day Living Trust and as personal representative of the Estate

of Brendan Sean Gypkhaim Charlie (deceased), and as Representative of the Native American Center, 501(c)(3) nonprofit corporation, and as the representative of the Jungle King Community Assoc., a 501(c)(3) corporation, and as the representative of Dragonfly Moon Novelties, a domestic profit sole proprietorship, alleges multiple constitutional violations, federal law violations, state law violations, and "absence or voids in the State and County Laws" against scores of defendants. *See* ECF No. 1 ("Complaint") at PageID.2–4, 10.  As an example, the Complaint alleges violations of the First, Second, Fourth, Fifth, Sixth, Ninth, Eleventh, Thirteenth, and Fourteenth amendments of the United States Constitution, along with alleged violations of multiple laws set forth in the United States criminal code, including 18 U.S.C. §§ 3, 371, 402, 621, 641, 648, 653, 654, 876A, 880, 1001, 1002, 1007, 1018, 1201, 1346, 1349, 1951, 1956, 1957, 2233, 3771.  *See* ECF Nos. 1-6 through 1-8.  It also includes several state-law claims, including "intentional torts, specialized torts, administrative ruling torts, liability torts, personal injury torts, punitive torts, negligent torts, extraordinary torts, etc." *See*, *e.g.*, ECF No. 1-6 at Page ID.196.  And the introduction to the Complaint also cites, for example, the Stamp Act of 1765, the Maryland Solution, the California Cartwright Act, the New York Donnelly Act, the Magna Carta of 1215, along with several other federal and state laws.  ECF No. 1 at PageID.2–3.

Although the Complaint—totaling over 500 single spaced pages[1]—names over 80 defendants,[2] it provides little detail as to the role each defendant played in Plaintiff's alleged harms.  *See* ECF No. 1-1 ("Continued List of Named Defendants") at PageID.24–30.  Instead, the Complaint—which Plaintiff states is a "three-part action"—contains many highly generalized claims, with little reference to specific harm caused by any defendant to Plaintiff.  As one example, the Complaint states:

> [D]ue to the long term pattern of over 100 (one hundred) years by the Republic of Hawaii, the Territory of Hawaii, the State of Hawaii, County of Hawaii (and all agencies, officers, departments, governmental officials and employees etc. . . .), corporations and influential individuals abuse of power and position, and self-serving hidden agendas, being shrouded in a self-induced cloud of invincibility, causing the Plaintiffs [to] endure a festering cesspool of rights violations, unConstitutional laws, prolific greed and wilful [sic] corruption that is out of control, since prior to Statehood to the present day that resulted in these continuing controversies in this three-part action.

ECF No. 1 at PageID.5–6.

---

[1]  Local Rule 10.2(a)(4) requires all documents to be double spaced.  Should Plaintiff file a supplemental memorandum as permitted by this Order, it must comply with Local Rule 10.2 regarding spacing and font size.

[2]  In fact, the number of defendants that are named in the Complaint alone—that is, without reference to the various attachments, ECF Nos. 1 and 1-1 (naming approximately 80 defendants)—appears to be fewer than the number of defendants named in the various attachments.  *See, e.g.*, ECF No. 1-4 at PageID.77–78 (naming, in a section entitled "Parties Named as Defendants to/for/in Part II of this three-part action," well over 100 defendants).  Further, Plaintiff confusingly names some defendants as "third party defendants."  *See id.*

In total, for all parts of her "three-part action," Plaintiff lists over 121 claims.  *See* ECF Nos. 1-6 through 1-8 (listing 31 claims for Part I; 62 claims for Part II; and 28 claims for Part III).[3]

The Complaint is confusing, often repetitive, rambles throughout, yet also lacks sufficient detail as to what specific harm was caused Plaintiff by a specific defendant.  Plaintiff describes her three primary claims as: (1) the unlawful use of road names in the County of Hawaii's Fern Forest Vacation Estates subdivision ("FFVE"), along with unlawful enforcement of County laws relating to the roads in the subdivision; (2) a conspiracy to unlawfully convert FFVE agricultural lands to non-agricultural, without due process; and (3) the failure "of proper police reporting, proper police procedure, proper inclusion of witnesses, and proper investigation and prosecution for the vehicular homicide and/or manslaughter" of Plaintiff's son, who died in April 2013 after being struck by a vehicle.  ECF No. 1 at PageID.17–21.

---

[3] Given the breadth of Plaintiff's Complaint and the number of defendants included, it likely also violates Federal Rule of Civil Procedure 20.  To name different defendants in the same lawsuit a plaintiff must satisfy Rule 20, governing joinder of parties.  Rule 20(a)(2) allows joinder of defendants only if the following two requirements are met: (1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A)–(B); *Rush v. Sport Chalet, Inc*., 779 F.3d 973, 974 (9th Cir. 2015).  Unrelated claims involving different defendants belong in different suits.  *See e.g., What v. Honolulu Police Dep't*, 2014 WL 176610, at *4 (D. Haw. Jan. 13, 2014).

Plaintiff seeks monetary damages of approximately 4.8 billion dollars: $114,767,629 for Part I damages; $4,504,391,261 for Part II damages, and $215,025,000 for Part III damages. ECF No. 1-10 at PageID.429, ECF No. 1-11 at PageID.492, and ECF No. 1-12 at PageID.511. She also seeks various equitable relief. For example, she asks the court to "create and implement 'The Thunderfoot Act,'" to correct voids and vagueness in Hawaii corporate law. ECF No. 1-7 at PageID.253. She also requests the creation of the "Freedom Lives Act," which would require annual training for lawmakers and the police. *Id*. at PageID.251.[4]

Numerous defendants have filed Motions to Dismiss (ECF Nos. 224, 226, 229, 231, 232, 236, 239, 247, 248, 283, 292, 293, 294, 295, 296, 297) and Motions for Joinders (ECF Nos. 240 and 256), which the court addresses below, along with Plaintiff's Motions (ECF Nos. 326, 331, 332, 339, and 340).

The court addresses standing, Eleventh Amendment immunity, the statute of limitations, and Federal Rules of Civil Procedure 8 and 12(b)(6). Based on its analysis, the court DISMISSES the Complaint as to all of its federal claims. But as set forth in more detail below, the court will provide Plaintiff an opportunity to file a supplemental memorandum of no more than 15 pages explaining how she

---

[4] In total, Plaintiff seeks the court to create the following laws as a remedy for defendants' various violations: "the Freedom Lives Act, the Charlie Act, Thunderfoot Act, the Government Corruption prevention Act, the Bill Integrity Act, Hawaii Agricultural Protection Act, Hawaii Corporate Membership Act, Public Agency Meeting Testimony Act, and the Hawaii Food Commission Act." ECF No. 1-7 at PageID.252.

could amend her complaint to state a timely claim under federal law.  After reviewing this memorandum, due by **September 15, 2023**, the court will decide whether to grant Plaintiff leave to file an Amended Complaint.

## II.  <u>PROCEDURAL HISTORY</u>

On January 6, 2023, Plaintiff filed her Complaint.  ECF No. 1. Thereafter, the following Motions and Joinders were filed.

On April 17, 2023:

(1) Defendants Bank of Hawaii and Stafford Kiguchi filed a Motion to Dismiss, ECF No. 224.

(2) Defendants Finance Factors, Limited and Finance Realty, Ltd. filed a Motion to Dismiss, ECF No. 226, with a joinder by Defendants Bank of Hawaii and Stafford Kiguchi, ECF No. 240.

On April 18, 2023:

(3) Defendant Hawaii Association of Realtors filed a Motion to Dismiss, ECF No. 229, with joinder by Defendants Bank of Hawaii and Stafford Kiguchi, ECF No. 240.

(4) Defendant Wesley F. Fong filed a Motion to Dismiss, ECF No. 231.

(5) Defendants State of Hawaii, State of Hawaii Office of the Attorney General, Hawaii State Ethics Commission, State of Hawaii Office of the Governor, Josh Green in his official capacity as Governor of the State of Hawaii, State of Hawaii Department of Transportation, House of Representatives for State of Hawaii, Hawaii State Senate, State of Hawaii Commission to Improve Standards of Conduct, State of Hawaii Office of Planning and

Sustainable Development, State of Hawaii Board of Land and Natural Resources, State of Hawaii Land Use Commission, State of Hawaii Department of Taxation, State of Hawaii Department of Commerce and Consumer Affairs, and Riley Smith, Dawn Chang, Nancy Cabral in their official capacities filed a Motion To Dismiss, ECF No. 232.

On April 19, 2023:

(6) Defendants Matson Navigation Company, Inc., Matson Inc., and Kuʻuhaku Park filed a Motion to Dismiss, ECF No. 236.

On April 20, 2023:

(7) Defendants George Delorm and Donna Delorm filed a Motion to Dismiss, ECF No. 239.

On April 24, 2023:

(8) Defendants County of Hawaiʻi, County of Hawaiʻi Office of the Prosecuting Attorney, Hawaiʻi County Mayor Office, County of Hawaiʻi the Hawaiʻi Police Department, County of Hawaiʻi Department of Environmental Management, County of Hawaiʻi Mass Transit Agency, County of Hawaiʻi Planning Department, County of Hawaiʻi Department of Finance, Mitch Roth, Keldon Waltjen, Paul Ferreira, Harry Kubojiri, K. Ishii, Christopher Ragasa, Benheilden Del Toro, Loyd Ishikawa, G. Horton, Ramzi I. Mansour, Deanna Sako, Grant G. Nagata, Mary Aken, Michael Yee, Zendo Kern; and Kim Tavares filed a Motion to Dismiss, ECF No. 247, with a joinder by Defendant Fidelity National Title & Escrow of Hawaii, Inc., ECF No. 256.[5]

---

[5] Plaintiff moves under Federal Rule of Civil Procedure 12(f) to strike "all documents that the Defendant FIDELITY NATIONAL TITLE & ESCROW OF HAWAII, INC. (hereinafter

(continued . . . )

On April 25, 2023:

(9) Defendant Polynesian Investment Company, Ltd. filed a Motion to Dismiss, ECF No. 248.

On May 17, 2023:

(10) Defendants United States of America, Department of Justice, Federal Bureau of Investigations, United States Attorney's Office, District of Hawaii, Clare E. Connors, in her capacity as U.S. Attorney, Florence T. Nakakuni, in her capacity as former U.S. Attorney filed a Motion to Dismiss, ECF No. 283.

On June 15, 2023:

(11) Defendant Fern Forest Community Association filed a Motion to Dismiss, ECF No. 292.[6]

(12) Defendants Caroline A. Frazier and Leslie M. Miles filed a Motion to Dismiss, ECF No. 293.

---

"Fidelity") filed after April 23, 2023." ECF No. 331. Plaintiff likewise seeks sanctions against Fidelity's counsel for failing to serve her with a copy of the joinder. ECF No. 332.

Plaintiff claims that although Fidelity filed a joinder to the Defendant County of Hawaii, et al.'s Motion to Dismiss, ECF No. 256, it failed to serve her with a copy of the joinder. First, Rule 12(f) applies only to a motion to strike "a pleading," and a joinder to a motion to dismiss is not a pleading under Rule 7(a). More importantly, even if Plaintiff never received a copy of the joinder, it is a simple joinder (that is, it contains no argument), and the court fully takes into consideration Plaintiff's opposition to the County of Hawaii, et al.'s Motion to Dismiss in its ruling. As a result, ECF Nos. 331 and 332 are DENIED.

[6] Plaintiff moves: (1) to strike ECF No. 296 under Federal Rule of Civil Procedure 12(f) on the grounds that attorney Steven D. Strauss ("Strauss") "omitted his contact information from the heading cover page of his Motion violating Rule 32;" and (2) for sanctions based on this omission and based on an alleged conflict of interest because Strauss was previously employed as a Deputy Corporation Counsel with the County of Hawaii. ECF Nos. 339, 340. Both motions are DENIED. As noted above, Rule 12(f) applies only to a motion to strike "a pleading," and a motion to dismiss is not a pleading under Rule 7(a). More importantly, this violation (of Local Rule 10.2, not Rule 32) is totally harmless and could not impact Plaintiff or the court's decision. Finally, Plaintiff has not demonstrated how Strauss' prior employment has or could create a conflict of interest in this case. The simple fact that he previously worked for the County of Hawaii is insufficient to establish a conflict of interest.

(13) Defendants Leslie Leber and Marguerite Hauberg filed a Motion to Dismiss, ECF No. 294.

(14) Defendants Donna Herbst and Pacific Isle Properties, Inc. filed a Motion to Dismiss, ECF No. 295.

(15) Defendants Mac Castillo and Melissa Fletcher filed a Motion to Dismiss, ECF No. 296.

(16) Defendants Yurts of Hawaii, LLC and Donald Krigsvold filed a Motion to Dismiss, ECF No. 297.

On June 23, 2023:

(17) Defendant Joy San Buenaventura filed a Motion to Dismiss, ECF No. 303.

On July 23, 2023:

(18) Plaintiff Thunderfoot filed a Motion for Leave to Amend the Complaint, ECF No. 326.

On July 29, 2023:

(19) Plaintiff Thunderfoot filed a Motion to Strike Court Filings, ECF No. 331.

On July 31, 2023:

(20) Plaintiff Thunderfoot filed a Motion to Sanction, ECF No. 332.

On August 15, 2023:

(21) Plaintiff Thunderfoot filed a Motion to Strike Court Filings, ECF No. 339.

On August 21, 2023:

(22) Plaintiff Thunderfoot filed a Motion to Sanction
Attorney Steven D. Strauss, ECF No. 340.

Various oppositions,[7] responses,[8] and replies,[9] were filed with the court.

Although other similarly situated defendants have not filed dismissal motions or joinders of their own, the court *sua sponte* dismisses them for the same reasons discussed in this Order. *See, e.g., Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants . . . .").

## III.  <u>STANDARDS OF REVIEW</u>

### A.    Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) permits a motion to dismiss for lack of subject matter jurisdiction.  A challenge to the court's jurisdiction under Rule 12(b)(1) can be either "facial" or "factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A "facial" attack accepts the truth of the plaintiff's allegations but asserts that they "are insufficient on their face to invoke federal jurisdiction."  *Id*.  The court resolves a

---

[7]  *See* ECF Nos. 257, 255, 258, 259, 260, 265, 266, 267, 268, 276, 277, 280, 286, 290, 304, 310.

[8]  *See* ECF Nos. 271, 279, 288, 299, 301, 312.

[9]  *See* ECF Nos. 313, 314, 315, 316, 317, 318, 319, 321, 322, 323, 324.

10

facial attack as it would a motion to dismiss under Rule 12(b)(6):  Accepting the nonmovant's well pleaded factual allegations as true and drawing all reasonable inferences in the nonmovant's favor, the court determines whether the allegations are sufficient to invoke the court's jurisdiction.  *See, e.g.*, *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013).

## B.    Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged."  *UMG Recordings, Inc. v. Shelter Capital Partners*, LLC, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  Rule 12 is read in conjunction with Rule 8(a)(2), which "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must offer "more than labels and conclusions," and instead contain "enough factual matter" indicating "plausible" grounds for relief, not merely "conceivable" ones.  *Banks v. N. Tr.*

*Corp.*, 929 F.3d 1046, 1055–56 (9th Cir. 2019) (citing *Twombly*, 550 U.S. at

555–56).  And in a 12(b)(6) analysis, the court accepts as true the material facts

alleged in the complaint and construes them in the light most favorable to the

nonmovant.  *Steinle v. City & Cnty. of S.F.*, 919 F.3d 1154, 1160 (9th Cir. 2019)

(citation omitted).

## C.   Pro Se Pleadings

Because Plaintiff is appearing pro se, the court liberally construes the

Complaint and resolves all doubts in Plaintiff's favor.  *See Hebbe v. Pliler*, 627

F.3d 338, 342 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(explaining that "a pro se complaint, however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers"); *Eldridge v.*

*Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

## IV. <u>DISCUSSION</u>

## A.   Standing

Two sets of defendants claim that Plaintiff lacks Article III standing to

bring claims against them.  First, the claims against defendants Hawaii Association

of Realtors, Matson Navigation Company, Inc., Matson Inc., and Kuʻuhaku Parks

(collectively referred to as the "SB 2372 Defendants") center on an allegation that

they were involved in a conspiracy premised on the submission of testimony in

2016 before the Hawaii State Senate supporting SB 2372, a bill which never

became law.  *See e.g.*, ECF No. 1-7 at PageID.208 ("as seen in Hawaii SB 2372, even though it is [a] recently dead bill"); *id.* ("two separate dead Senate Bills with the same number 2372"); *id.* at PageID.210 ("such as in Senate Bill 2372 (dead bill)").  Second, State of Hawaii Senator Joy San Buenaventura (a current state Senator and former member of the Hawaii State House of Representatives) is named as a defendant based on her involvement as a legislator.  *See, e.g.*, ECF No. 1-4 at PageID.148–151.

The court lacks Article III standing as to these two groups of defendants.

Under Article III of the United States Constitution, federal court jurisdiction is limited to "cases" and "controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992).  And "[s]tanding to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  The Supreme Court "ha[s] long understood that constitutional phrase to require that a case embody a genuine, live dispute between adverse parties, thereby preventing the federal courts from issuing advisory opinions." *Carney v. Adams*, 141 S. Ct. 493, 498 (2020) (citations omitted).  To establish standing, a plaintiff has the burden of clearly demonstrating that he or she has: (1) suffered an injury in fact; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely to be redressed by a favorable

judicial decision.  *Id*. (citations omitted).  To establish an injury in fact, a plaintiff

must have suffered "an invasion of a legally protected interest" that is "concrete

and particularized" and "actual or imminent, not conjectural or hypothetical."

*Lujan*, 504 U.S. at 560 (quotation marks omitted).  A "particularized" injury means

"the injury must affect the plaintiff in a personal and individual way."  *Raines v.*

*Byrd*, 521 U.S. 811, 819 (1997) (quoting *Lujan*, 504 U.S. at 560 n.1).

> And federal courts
>
> have consistently held that a plaintiff raising only a
> generally available grievance about government—
> claiming only harm to his and every citizen's interest in
> proper application of the Constitution and laws, and
> seeking relief that no more directly and tangibly benefits
> him than it does the public at large—does not state an
> Article III case or controversy.

*Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) (quoting *Lujan*, 504 U.S.

at 573–74).  *See also, e.g., Carney*, 141 S. Ct. at 499 ("[A] plaintiff cannot

establish standing by asserting an abstract general interest common to all members

of the public, no matter how sincere or deeply committed a plaintiff is to

vindicating that general interest on behalf of the public.") (internal quotation marks

and citations omitted).  A generalized grievance is "undifferentiated and common

to all members of the public."  *Lujan*, 504 U.S. at 575 (quotation marks and

citation omitted).  And "a grievance that amounts to nothing more than an abstract

and generalized harm to a citizen's interest in the proper application of the law

does not count as an 'injury in fact.'"  *Carney*, 141 S. Ct. at 498 (citations omitted).

Here, Plaintiff only asserts a "generalized" grievance as to both the

SB 2372 Defendants and San Buenaventura.  And she has not alleged facts to show

that either caused her any actual injury.  *See generally Lujan*, 504 U.S. at 560

(under any cause of action, plaintiff must establish an injury-in-fact to demonstrate

standing).

Based on a lack of standing, the court DISMISSES defendants Hawaii

Association of Realtors, Matson Navigation Company, Inc., Matson Inc.,

Kuʻuhaku Park, and Joy San Buenaventura, without leave to seek to amend.

The court, on its own, raises a separate Article III standing issue:

does Plaintiff have standing to claim that any official—county, state, or federal—

failed to investigate and/or prosecute the unfortunate death of her son?  *See, e.g.*,

*Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) ("Federal

courts are required sua sponte to examine jurisdictional issues such as standing.")

(alteration omitted).  The court determines that Plaintiff does not have standing to

raise such claims.

It has long been the law that "a private citizen lacks a judicially

cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v.*

*Richard D.*, 410 U.S. 614, 619 (1973).  Thus, where a plaintiff alleges an injury

based on "nonenforcement" of criminal laws against third parties, a plaintiff lacks Article III standing.  *Id*.; *see also Pratt v. Helms*, 73 F.4th 592, 595 (8th Cir. 2023) (stating that this general rule applies to failure to investigate as well as prosecute); *Lefebure v. D'Aquilla*, 15 F.4th 650, 655 (5th Cir. 2021) ("[C]ourts across the country have dutifully enforced this rule in case after case—refusing to hear claims challenging the decision not to investigate or prosecute another person."); *Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009) ("[F]ederal courts have maintained the distinction in standing between those prosecuted by the state and those who would urge the prosecution of others . . . ."); *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation."); *United States v. Grundhoefer*, 916 F.2d 788, 792 (2nd Cir. 1990) ("[A] private citizen generally lacks standing 'to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution.'") (quoting *Linda R.S.*, 410 U.S. at 619); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988) (rejecting claim that crime victims have "an enforceable right as a member of the public at large and as a victim to have the defendants criminally prosecuted"); *Boyer v. Bruno*, 2023 WL 4602684, at *4 (E.D. Pa. July 17, 2023); *Greiser v. Chavez*, 2023 WL 4680765, at *13 (C.D. Cal. May 11, 2023); *Ali v. Michigan City Police Dep't*, 2021 WL 3709640, at *2 (N.D. Ind. Aug. 20, 2021); *Doe v. N.H. Dep't of Corr. Comm'r*,

16

2022 WL 20478432, at *1 (D.N.H. Nov. 22, 2022), *report and recommendation adopted by* 2023 WL 5041812 (D.N.H. Aug. 8, 2023).

Thus, to the degree the Complaint alleges, in part, that various law enforcement agencies or officials failed to investigate and/or prosecute the death of Plaintiff's son, the court DISMISSES those claims without leave to seek to amend.

As for the federal defendants, it appears that the sole allegations concern the failure to investigate and/or prosecute. Thus, the court DISMISSES without leave to seek to amend the United States of America, the United States Department of Justice, the Federal Bureau of Investigation, and the United States Attorney's Office, former United States Attorney Florence Nakakuni, and current United States Attorney Clare E. Connors.[10]

---

[10] Further, to the extent that Thunderfoot seeks an order requiring federal defendants to investigate and prosecute the alleged misconduct, a writ of mandamus may only issue where (1) the plaintiff has a clear right to the relief sought; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. *Piledrivers' Loc. Union No. 2375 v. Smith*, 695 F.2d 390, 392 (9th Cir. 1982). Discretionary functions—such as the duty to investigate or prosecute—do not give rise to a "clear duty to act." *Id*. Likewise, any Federal Tort Claim Act ("FTCA") allegation based on a failure to investigate and/or prosecute by any federal officials would fail, at a minimum, under the discretionary function exception to the FTCA.

And any claims against Nakakuni and Connors in their individual capacities pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), would also fail. Applying the two-part framework set forth in *Ziglar v. Abbasi*, 582 U.S. 120 (2017), the court determines that Plaintiff's Complaint contains allegations that involve a "new context"—that is, it is "different in a meaningful way from previous *Bivens* decisions decided by [the Supreme Court]." *Id*. at 139. And because the court is confident that, based on the allegations in the Complaint, Congress would "doubt the efficacy or necessity of a damages remedy," *id*. at 137, a *Bivens* remedy is unavailable.

**B.      Eleventh Amendment**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984).  As to claims against a state, "[t]he Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought," absent unequivocal consent by the state. *Krainski v. Nevada ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010).  "Hawaii has not unequivocally waived its sovereign immunity," *Thompson v. Paleka*, 2017 WL 5309608, at *4 (D. Haw. Nov. 13, 2017), and Congress has not overridden that immunity for civil rights actions brought pursuant to 42 U.S.C. § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).  Thus, any claim against the State of Hawaii is barred by the Eleventh Amendment.

"A suit against state officials in their official capacities is the same as a suit against the state itself and therefore is subject to the Eleventh Amendment." *McNally v. Univ. of Haw.*, 780 F. Supp. 2d 1037, 1055 (D. Haw. 2011) (citing *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985)); *see also Makanui v. Dep't of Educ.*, 721 P.2d 165, 171–72 (1986) ("Hawaii, its agencies, and its officers and agents in their official capacities are immune from and cannot be held liable for

18

claims for money damages for violation of constitutional rights under § 1983.")
(citation and footnote omitted).  Thus, unless the state has unequivocally waived its
sovereign immunity[11] or Congress "exercises its power under the Fourteenth
Amendment to override the immunity, the state, its agencies, and its officials
(acting in their official capacities) are immune[12] from suit under the Eleventh
Amendment."  *McNally*, 780 F. Supp. 2d at 1055.

Because neither the state of Hawaii nor any of its agencies have
waived their immunity under the Eleventh Amendment and Congress has not acted
to override that immunity, the State of Hawaii and all state agencies are
DISMISSED without leave to seek amendment.  This includes the State of Hawaii,

---

[11] Hawaii has not waived its Eleventh Amendment immunity.  *Sherez v. State of Haw. Dep't of Educ.*, 396 F. Supp. 2d 1138, 1142 (D. Haw. Sept. 1, 2005).  Hawaii has waived its sovereign immunity as to the torts of its employees.  *See* State Tort Liability Act, Haw. Rev. Stat. chap. 662.  This waiver, however, only applies to suits brought in state court and, by itself, does not constitute a waiver of Eleventh Amendment immunity.  *McNally*, 780 F. Supp. 2d at 1059.  Further, Congress has not acted to override Eleventh Amendment immunity for claims for money damages like those Plaintiff asserts.  *Id.* at 1056 ("[T]he Eleventh Amendment bars [plaintiff's] money damage claims unless Congress abrogates that immunity.  Congress has not done so.").

[12] An exception to this immunity is the doctrine of *Ex parte Young*, which provides that a plaintiff may maintain a suit for prospective injunctive relief against a state official in his or her official capacity when that suit seeks to correct an ongoing violation of the Constitution or federal law.  *Ex parte Young*, 209 U.S. 123, 159–60 (1908).  Whether the *Ex parte Young* doctrine applies turns on the question of whether the relief the plaintiff seeks is prospective, aimed at remedying an ongoing violation of federal law, or it is retrospective, aimed at remedying a past violation of the law.  *Cardenas v. Anzai*, 311 F.3d 929, 935 (9th Cir. 2002).  Under *Ex parte Young*, the requests for relief in the Complaint that seek declaratory and/or injunctive relief can only be brought against a state official, and this does not apply to the State or any named state agencies.  *See, e.g.*, *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir.), *opinion amended on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002) (holding "two state agencies [were] immune from suit because they are state entities, not individual state officers.").

State of Hawaii Office of the Attorney General, Hawaii State Ethics Commission, State of Hawaii Office of the Governor, State of Hawaii Department of Transportation, House of Representatives for State of Hawaii, State of Hawaii State Senate, State of Hawaii Commission to Improve Standards of Conduct, State of Hawaii Office of Planning and Sustainable Development, State of Hawaii Board of Land and Natural Resources, State of Hawaii Land Use Commission, State of Hawaii Department of Taxation, and State of Hawaii Department of Commerce and Consumer Affairs.

Plaintiff's claims against state officials in their official capacities are also barred by the Eleventh Amendment and are DISMISSED without leave to seek amendment.  This includes Wesley Fong, Governor Josh Green, Riley Smith, Dawn Chang, Nancy Cabral, and Joy San Buenaventura.

## C.    Statute of Limitations

A statute of limitations defense, if apparent from the face of the complaint, may properly be raised in a motion to dismiss.  *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013).  That said, "a complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."  *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010).

20

In making this determination, the court must (1) accept as true all the well-pleaded factual allegations contained in the complaint, then determine (2) "whether the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006) (internal quotation marks and citations omitted); *see also Reynolds v. Merrill Lynch Basic Long Term Disability Plan*, 2015 WL 3822319, at *2 (D. Haw. June 19, 2015).

Defendants Finance Factors, Limited and Finance Reality, Limited raise a statute of limitations defense, joined by Bank of Hawaii and Stafford Kiguchi.  ECF No. 226-1 at PageID.1911; ECF No. 240.  Defendants Polynesian Investment Company, Limited and Fern Forest Community Association also raise a statute of limitations defenses.  ECF No. 248 at PageID.2089; ECF No. 292-1 at PageID.2582.

Plaintiff's claims against these defendants are brought under 42 U.S.C. §§ 1981,[13] 1982, 1983, and/or 1985, which all carry a two-year statute of limitations.[14]

---

[13]  There is no private cause of action under 42 U.S.C. § 1981.  *Yoshikawa v. Seguirant*, 74 F. 4th 1042, 1047 (9th Cir. 2023).  Thus, any § 1981 claim is DISMISSED without leave to seek amendment.

[14]  "Because 42 U.S.C. § 1983 does not contain its own statute of limitations, '[a]ctions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions.'"  *Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (quoting *Knox v. Davis*, 260 F.3d 1009, 1012–13 (9th Cir. 2001)).  "In Hawai'i, the statute of limitations for personal injury actions is two years."  *Id.* (citing HRS § 657-7).

21

The alleged conduct these defendants engaged in—conspiring to defraud the State of Hawaii in relation to a State of Hawaii, Third Circuit Court case filed in 1987 concerning road maintenance dues—occurred decades ago. Their most recent alleged conduct occurred between 1987 and 1992. Thus, because it is apparent from the face of the Complaint that the deadline for Plaintiffs to bring any of these claims expired decades ago, the claims are time barred. Nonetheless, the court will permit Plaintiff to attempt to explain in a supplemental submission how these claims could be amended so that they would not be barred by a statute of limitations.

**D.    Rule 8**

Nearly all defendants have requested the court to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 8. Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). And "[e]ach allegation must be simple, concise, and direct." Fed. R Civ. P. 8(d)(1). The purpose of Rule 8 is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47).

A pleading that is overly lengthy and confusing violates Rule 8(a). *See Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). "While 'the proper length and level of clarity for a pleading cannot be defined with any great

precision,' Rule 8(a) has 'been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011).  "Further, overly lengthy and opaque pleadings waste the time of the court and the opposing party," *Bassett v. Haw. Disability Rts. Ctr.*, 2019 WL 2236075, at *2 (D. Haw. May 23, 2019), and a complaint can be dismissed for "extraordinary prolixity."  *Cafasso*, 647 F.3d at 1058.

The Ninth Circuit has upheld dismissals when a complaint is overly long, confusing, and in violation of Rule 8.  *See, e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding a Rule 8 dismissal of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"); *Knapp*, 738 F.3d at 1109 (stating that a complaint may be dismissed under Rule 8 "when a pleading says *too little*" as well as when it "says *too much*");  *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 415 (9th Cir. 1985) (upholding a Fed. R. Civ. P. 8(a) dismissal of a complaint that "exceeded 70 pages in length, [and was] confusing and conclusory"); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (holding that Fed. R. Civ. P. 8(a) is violated when a complaint is excessively "verbose, confusing and almost entirely conclusory"); *Schmidt v.*

23

*Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980) (upholding a Fed. R. Civ. P. 8(a) dismissal of "confusing, distracting, ambiguous, and unintelligible pleadings").

Here, the combined over-500-page, single-spaced Complaint violates Rule 8 because it is needlessly lengthy, verbose, and largely argumentative. The Complaint also contains many non-logical and nonsensical musings which the court simply cannot decipher. *See Williams v. Hampton*, 2020 WL 3498170, at *2 (S.D. Cal. June 26, 2020) (finding complaint that was "twenty-five (25) pages of single spaced, rambling handwritten allegations naming twenty-seven (27) defendants" to be violative of Rule 8); *Blume v. CA*, 2020 WL 4004215, at *3 (D. Or. July 15, 2020) (finding that complaint that consisted of "twenty-five . . . single-spaced pages of rambling allegations against not only the named Defendants, but numerous additional judges and attorneys the Complaint characterizes as 'defendants' despite[] those persons not being named as defendants in the caption" and "26 pages of exhibits" to be violative of Rule 8); *Martin v. McNut*, 2009 WL 745223, at *1 (E.D. Cal. Mar. 20, 2009) (dismissing complaint as violative of Rule 8 where it "consists of three single spaced type papers, without separate paragraphs, and over 60 pages of attachments").

Accordingly, the court DISMISSES the Complaint for violating Rule 8, but with leave to file a supplemental submission, as set forth below.

24

E.     **Failure to State a Claim**

Plaintiff lists over 120 claims for relief, with many appearing to contain sub-claims.  *See* ECF Nos. 1-6 through 1-9.  While the court will not address the flaw with every legal issue asserted, the factual allegations in the Complaint do not set forth any plausible ground for relief.  The court will, however, provide an example of this deficiency.

Plaintiff focuses her claims in part on Section 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law.[15]  *See West v. Atkins*, 487 U.S. 42, 48 (1988).  Section 1983 requires a connection or link between a defendant's actions and the plaintiffs' alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that

---

[15]  Any claim of a constitutional violation must be brought under § 1983.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (stating that § 1983 provides a mechanism for enforcing individual rights secured by the constitution or laws of the United States); *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d

740, 743 (9th Cir. 1978) (citation omitted). Thus, a plaintiff must allege that she

suffered a *specific injury* because of a particular defendant's conduct and must

affirmatively link that injury to the violation of her right.

Although municipalities and other local government units are

"persons to whom § 1983 applies," *Monell*, 436 U.S. at 690, a municipality can

only be liable "for *its own*" constitutional violations. *City of Okla. City v. Tuttle*,

471 U.S. 808, 818 (1985) (quoting *Monell*, 436 U.S. at 683). That is, § 1983 does

not impose liability on municipalities for constitutional violations committed by its

employees under the theory of respondeat superior. *Id*. Rather, "*Monell* teaches

that [a municipality] may only be held accountable if the deprivation was the result

of municipal 'custom or policy.'" *Id*. at 817. "[T]he constitutional violation must

be caused by 'a policy, practice, or custom of the entity,' or be the result of an

order by a policy-making officer." *Tsao v. Desert Palace, Inc*., 698 F.3d 1128,

1139 (9th Cir. 2012) (citations omitted). "Liability for improper custom may not

be predicated on isolated or sporadic incidents; it must be founded upon practices

of sufficient duration, frequency and consistency that the conduct has become a

traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th

Cir. 1996) (citations omitted).

Further, to state a claim under § 1983, there must be "state action" or "action under color of state law." *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935 n.18 (1982) ("[C]onduct satisfying the state-action requirement of the Fourteenth Amendment satisfies the statutory requirement of action under color of state law [under § 1983].").  This requirement "excludes from [§ 1983's] reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotation marks and citation omitted).

A private party may, under limited circumstances, act under color of state law when that party "is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) ("A private individual's action may be 'under color of state law' where there is 'significant' state involvement in the action.") (quoting *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997)).  The Ninth Circuit recognizes "at least four different criteria, or tests, used to identify state action: '(1) public function;[16] (2) joint action;[17] (3) governmental compulsion or

---

[16] "Under the public function test, when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003).

[17] To establish joint action, a plaintiff must show willful, joint participation between the state and a private actor in which "the state has so far insinuated itself into a position of

(continued . . . )

27

coercion;[18] and (4) governmental nexus.'"[19] *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835–36 (9th Cir. 1999)).  "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Id*.  But under any of the four tests, "the central question remains whether the alleged infringement of federal rights [is] fairly attributable to the government." *Id*. at 1096 (internal quotations omitted).

Here, even liberally construed, the Complaint also fails to allege any facts showing that the non-governmental defendants acted under color of law. That is, there is no alleged infringement of federal rights under § 1983 that is fairly attributable to the government.

---

interdependence with the private [actor] that it must be recognized as a joint participant in the challenged activity.  This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 926 (9th Cir. 2011) (citations and internal quotation marks omitted).

[18] "The compulsion test considers whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." *Kirtley*, 326 F.3d at 1094 (citation omitted).

[19] "[T]he nexus test asks whether 'there is a such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself.'" *Kirtley*, 326 F.3d at 1094–95 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

In short, Plaintiff has failed to allege any plausible violation of federal law.[20]  As a result, the court DISMISSES all of Plaintiff's federal claims with leave to seek amendment.[21]

## F.   Leave to File a Supplemental Memorandum

Normally, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000).  Here, the court seriously doubts whether an amendment could cure the defects identified in this Order.  Nevertheless, given Plaintiff's pro se status, the court will give Plaintiff leave to file a supplemental memorandum,

---

[20]  As set forth above, the Complaint alleges that over 20 separate criminal statutes were violated.  Although not raised in any of the motions before the court, federal criminal statutes generally do not provide a basis for a private cause of action.  *Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020) (stating that "[t]he Supreme Court noted that it 'has rarely implied a private right of action under a criminal statute'" (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979))); *Lee v. U.S. Agency for Int'l Dev.*, 859 F.3d 74, 77 (D.C. Cir. 2017) (same); *Willingham v. Willingham*, 2023 WL 2891236, at *2 (D. Idaho Apr. 11, 2023); *Kennedy v. World Sav. Bank, FSB*, 2015 WL 1814634, at *7 (N.D. Cal. Apr. 21, 2015).

[21]  Several defendants move to dismiss Plaintiff's attack on a 1991 judgment in a State of Hawaii Third Circuit case under the *Rooker-Feldman* doctrine.  Under *Rooker-Feldman*, federal district courts generally lack subject matter jurisdiction to review state court judgments.  *See Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002).  "Essentially, the doctrine bars state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced from asking district courts to review and reject those judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quotation marks omitted).  Thus, *Rooker-Feldman* is "inapplicable where the party against whom the doctrine is invoked was not a party to the underlying state-court proceeding." *Lance v. Dennis*, 546 U.S. 459, 464 (2006).  Here, there is no evidence that Plaintiff was a party to the state court case, and thus *Rooker-Feldman* is inapplicable.

29

consisting of no more than 15 pages without attachments, describing any timely federal claim(s) that she believes would not be barred by this Order.  To be clear, Plaintiff must describe a specific violation of federal law, and explain how an individual defendant violated that federal law.  In short, the supplemental memorandum must address how each federal claim would apply to each separate, remaining, defendant, along with a description of the facts to support that claim.

### G.    Remaining State Law Claims

Having dismissed the federal claims, the only remaining claims are state law claims over which the court has only supplemental jurisdiction (there is no basis in the Complaint for diversity jurisdiction).  *See* 28 U.S.C. § 1367(c)(3).  And under § 1367(c)(3), "district courts may decline to exercise supplemental jurisdiction [over state law claims] . . .  if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."  *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) ("[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs.,*

*Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citation omitted and quotation marks omitted).

Accordingly, because the dismissed federal claims provide the only basis for federal jurisdiction, the court does not address the state law claims in this Order.  If Plaintiff does not file a supplemental memorandum, the court will decline supplemental jurisdiction over the state law claims pursuant to § 1367(c) and will DISMISS them without prejudice to refiling in state court.  However, if Plaintiff files a supplemental memorandum and if the court allows her to file an Amended Complaint, the court will retain jurisdiction over related state law claims and address them again if challenged at a later time.

## V.  **CONCLUSION**

For the reasons set forth above, the court DISMISSES Plaintiff's Complaint, with leave to seek to amend as set forth in this Order.  And to be clear, as explained above, the following defendants/claims are DISMISSED without leave to seek to amend:

(1) Defendants Hawaii Association of Realtors, Matson Navigation Company, Inc., Matson Inc., Kuʻuhaku Park, and Joy San Buenaventura;

(2) Defendants the United States of America, the United States Department of Justice, the Federal Bureau of Investigation, the United States

Attorney's Office, former United States Attorney Florence Nakakuni, and current

United States Attorney Clare E. Connors;

(3) the State of Hawaii and all state agencies, including defendants

State of Hawaii Office of the Attorney General, Hawaii State Ethics Commission,

State of Hawaii Office of the Governor, State of Hawaii Department of

Transportation, House of Representatives for State of Hawaii, State of Hawaii

State Senate, State of Hawaii Commission to Improve Standards of Conduct, State

of Hawaii Office of Planning and Sustainable Development, State of Hawaii Board

of Land and Natural Resources, State of Hawaii Land Use Commission, State of

Hawaii Department of Taxation, and State of Hawaii Department of Commerce

and Consumer Affairs;

(4) state officials in their official capacities, including defendants

Wesley Fong, Governor Josh Green, Riley Smith, Dawn Chang, Nancy Cabral, and

Joy San Buenaventura; and

(5) allegations that various law enforcement agencies or officials

failed to investigate and/or prosecute the death of Plaintiff's son.

Because the court DISMISSES the Complaint, Plaintiff's Motion to

Amend her Complaint, ECF No. 326, is DENIED as moot.

As set forth above, Plaintiff is granted leave to file a supplemental

memorandum of no more than 15 pages explaining how she could file an Amended

Complaint to state a plausible timely claim under federal law. That supplemental memorandum must be filed by **September 15, 2023**. If Plaintiff files a supplemental memorandum, the court will then review the memorandum to determine whether to permit the filing of an Amended Complaint. Failure to file a supplemental memorandum by **September 15, 2023** will result in dismissal of the federal claims.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 22, 2023.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Thunderfoot v. United States of America, et al.*; Civ. No. 23-00006 JMS-WRP; Order (1) Granting Various Defendants' Motions to Dismiss, ECF Nos. 224, 226, 229, 231, 232, 236, 239, 247, 248, 283, 292, 293, 294, 295, 296, 297, and 303; (2) Granting Various Defendants' Motions for Joinder, ECF Nos. 240 and 256; and (3) Denying Plaintiff's Motions, ECF Nos. 326, 331, 332, 339, and 340