IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THUNDERFOOT, both in an individual capacity, and as Trustee of THE RAINY DAY LIVING TRUST and as Personal Representative of THE ESTATE OF BRENDAN SEAN GYPKHAIM CHARLIE (deceased), and as Representative of THE NATIVE AMERICAN CENTER, 501(c)(3) nonprofit corporation, and as the Representative of the JUNGLE KING COMMUNITY ASSOC., a 501(c)(3) corporation, and as the Representative of DRAGONFLY MOON NOVELTIES, a domestic profit sole proprietorship,<br><br>        Plaintiff,<br>  v.<br><br>STATE OF HAWAII, ET AL.,<br><br>        Defendants. | CIV. NO. 23-00006 JMS-KJM<br><br>ORDER (1) DENYING MOTION FOR RECONSIDERATION, ECF NO. 342, AND (2) DISMISSING ACTION |

**<u>ORDER (1) DENYING MOTION FOR RECONSIDERATION,<br>ECF NO. 342, AND (2) DISMISSING ACTION</u>**

Pro se Plaintiff Thunderfoot, both in an individual capacity; and as Trustee of the Rainy Day Living Trust; and as personal representative of the Estate of Brendan Sean Gypkhaim Charlie (deceased); and as representative of the Native American Center, 501(c)(3) nonprofit corporation; and as the representative of the Jungle King Community Association, a 501(c)(3) corporation; and as the

representative of Dragonfly Moon Novelties, a domestic profit sole proprietorship, alleges multiple constitutional violations, federal law violations, state law violations, and "absence or voids in the State and County Laws" against scores of defendants.  *See* ECF No. 1 ("Complaint") at PageID.2–4, 10.

On August 22, 2023, the court granted 17 Motions to Dismiss Plaintiff's Complaint, filed by various Defendants.  ECF No. 341, *Thunderfoot v. United States*, 2023 WL 5413852 (D. Haw. Aug. 22, 2023) ("August 22 Order"). Although the Complaint—totaling over 500 single spaced pages—names over 80 defendants,[1] it provides little detail as to the role each defendant played in Plaintiff's alleged harms.  *See* ECF No. 1-1 ("Continued List of Named Defendants") at PageID.24–30.  And in its August 22 Order, the court dismissed (without leave to seek to amend) multiple Defendants who are immune from suit. *Thunderfoot,* 2023 WL 5413852, at *13-14.  The court also dismissed all of Plaintiff's federal claims under Federal Rules of Civil Procedure 8 and 12(b)(6).[2]

---

[1] In fact, the number of defendants that are named in the Complaint alone—that is, without reference to the various attachments, ECF Nos. 1 and 1-1 (naming approximately 80 defendants)—appears to be fewer than the number of defendants named in the attachments.  *See, e.g.*, ECF No. 1-4 at PageID.77–78 (naming, in a section entitled "Parties Named as Defendants to/for/in Part II of this three-part action," well over 100 defendants).

[2] The Complaint alleges violations of the First, Second, Fourth, Fifth, Sixth, Ninth, Eleventh, Thirteenth, and Fourteenth amendments of the United States Constitution, along with alleged violations of multiple laws set forth in the United States criminal code, including 18 U.S.C. §§ 3, 371, 402, 621, 641, 648, 653, 654, 876A, 880, 1001, 1002, 1007, 1018, 1201, 1346, 1349, 1951, 1956, 1957, 2233, 3771.  *See* ECF Nos. 1-6 through 1-8.  It also includes several state-law claims, including "intentional torts, specialized torts, administrative ruling torts, liability torts, personal injury torts, punitive torts, negligent torts, extraordinary torts, etc." *See,*

(continued . . .)

Although the court seriously doubted whether further amendment could cure the Complaint's defects, the court nevertheless granted Plaintiff leave to file a supplemental memorandum "explaining how she could file an Amended Complaint to state a plausible timely claim under federal law" by September 15, 2023.  ECF No. 341 at PageID.3179–3180; *Thunderfoot*, 2023 WL 5413852, at *14.

On September 14, 2023, Plaintiff responded with a filing captioned "Affidavit of Truth for Plaintiff Thunderfoot's Reply to Document #341" ("Affidavit").  ECF No. 342.  Given Plaintiff's pro se status, the court liberally construes the Affidavit as: (1) a motion to reconsider the court's August 22 Order; and (2) an explanation of how she would attempt to file an amended complaint to state a plausible claim under federal law.[3]

In part, the Affidavit attacks the August 22 Order.  For example, Plaintiff appears to claim that the court sufficiently understood her claims, and thus they could not be "confusing" as stated in the August 22 Order.  *Id.* at PageID.3182 ¶ 1.b.  She also claims that her over 500-page Complaint is "short"

---

*e.g.*, ECF No. 1-6 at Page ID.196.  And the introduction to the Complaint cites the Stamp Act of 1765, the Maryland Solution, the California Cartwright Act, the New York Donnelly Act, the Magna Carta of 1215, along with several other federal and state laws.  ECF No. 1 at PageID.2–3.

[3] The Affidavit refers to several other filings by Plaintiff, including various oppositions to the Motions to Dismiss, and collectively refers to the Affidavit and the other filings as a "Motion to Amend."  ECF No. 342 at Page ID.3181 ¶ 3.

and "plain" in compliance with Federal Rule of Civil Procedure 8, and dismissing the Complaint would be a violation of her First Amendment Rights. *Id.* at ¶ 5–8.[4]

Plaintiff further rejects the court's application of the standard under Federal Rule of Civil Procedure 12(b), including the need to allege enough factual matter to indicate a plausible ground for relief.[5] *See Thunderfoot,* 2023 WL 5413852, at *11 (stating that "the factual allegations in the Complaint do not set forth any plausible grounds for relief"). Instead, Plaintiff argues that she does "not need to plead specific facts to establish a prima facie case in a complaint to survive

---

[4] Plaintiff also alleges that she suffers from various physical and mental impairments, suggesting that she needed additional time to respond to the court August 22 Order. *Id*. at PageID.3181 ¶ 3. This claim is belied by Plaintiff's active participation in this case. Plaintiff is prolific in her filings (such as a 500-page, single spaced complaint), and has filed scores of lengthy documents in a timely fashion. For example, Defendant filed oppositions to the various motions to dismiss in a timely manner, and often well before the deadline. She has shown a clear capacity to fully participate in this litigation in a timely manner.

[5] Plaintiff has also rejected this court's instructions for any supplemental filing to comply with the District of Hawaii Local Rules governing font size and line spacing. The August 22 Order informed Plaintiff that "Local Rule 10.2(a)(4) requires all documents to be double spaced. Should Plaintiff file a supplemental memorandum as permitted by this Order, it must comply with Local Rule 10.2 regarding spacing and font size." *Thunderfoot,* 2023 WL 5413852, at *1 n1. The Affidavit is not double spaced and does not comply with the font requirement (14-point Times New Roman plain style). Although Plaintiff was clearly aware of this Local Rule requirement, she explains in the Affidavit that neither the Federal Rules of Civil Procedure nor the "founding documents" (constituting the "Bill of Rights, Declaration of Independence, Preamble, Constitution and Law") "states double spacing and one font style are required" and that she has a First Amendment right to "speak freely." *Id*. at PageID.3184 n.6 & 3188 ¶ 21. Although the court does not dismiss the Complaint for failure to comply with the Local Rule 10.2(a)(4), this is yet another example of Plaintiff's failure to comply with the requirements of the August 22 Order.

a motion to dismiss for failing to state a claim, [as] upheld in *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002)." ECF No. 342 at PageID.3182 ¶ 1.c.[6]

"A motion for reconsideration must accomplish two goals. 'First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Warren v. United States*, 2021 WL 6500155, at *1 (D. Haw. June 7, 2021) (internal citations omitted). Under Local Rule 60.1, only three grounds justify reconsideration: (a) the discovery of new material facts not previously available; (b) an intervening change in law; and/or (c) the need to correct manifest

---

[6] *Swierkiewicz*—decided in 2002—was reconciled with *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), in *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011), which states that:

> whatever the difference between these cases, we can at least state the following two principles common to all of them. First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr*, 652 F.3d at 1216. So, although Plaintiff believes she need not plead "specific facts" in her Complaint to state a claim, in fact—as was explained to her in the August 22 Order—a complaint must contain "sufficient allegations of underlying facts" that would "plausibly suggest an entitlement to relief." *Id.* The Complaint fails to do this.

5

error of law or fact. *See, e.g., White v. Sabatino*, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006).

Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources" and "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations and internal quotation marks omitted). "Mere disagreement with a previous ruling is not a sufficient basis for reconsideration." *McAllister v. Adecco Grp. N.A.*, 2018 WL 6682984, at *2 (D. Haw. Dec. 19, 2018) (citing *White*, 424 F. Supp. 2d at 1274). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *White*, 424 F. Supp. 2d at 1274 (citing *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)).

Plaintiff's motion fails to meet this standard. She has not put forth any new material facts or an intervening change in law. Although Plaintiff attempts to argue "the need to correct manifest error of law," she has failed to show any errors in the August 22 Order. Instead, because Plaintiff simply expresses "mere disagreement with a previous ruling"—based on her incorrect view of the law—the court DENIES the Motion for Reconsideration.

In its August 22 Order, Plaintiff was "granted leave to file a supplemental memorandum of no more than 15 pages explaining how she could

file an Amended Complaint to state a plausible timely claim under federal law." *Thunderfoot,* 2023 WL 5413852, at *14.  In her Affidavit, Plaintiff fails to identify any basis to amend her federal claims to cure the defects identified in the court's August 22 Order.  She generally ignores the court's explanation that she must "describe a specific violation of federal law, and explain how an individual defendant violated that federal law.  In short, the supplemental memorandum must address how each federal claim would apply to each separate, remaining defendant, along with a description of the facts to support that claim." *Id*. at *13.  Instead, Plaintiff simply continues to aggregate violations of the constitution or statutory law without explaining what each defendant did to violate these provisions.  As an example, the Affidavit states:

> This action is for U.S. Constitutional and Civil rights (collectively known as "rights") violations, Federal Questions, Constitutionality of State Statutes and County Codes, Agricultural Acts, Product Liability, Racketeer Influenced and Corrupt Organisations [sic], Antitrust violations, Personal Injury, Fraud, Torts to Land, Property Damage, Treble Damages, Copyright Laws, public and corporate corruption, unreasonable seizure, theft of properties, extortion, unlawfully clouding deeds, indentured servitude, defamation torts, forgery, unlawful detainment, misappropriating public and corporate time and funds, false entries into government databases, collusions, conspiracies, antitrust violations, taxation without representation, etc… all acts and/or omissions as stepping stones connected to converting my subdivision to nonagricultural use, etc.. that harms me via: loss of property, emotionally, financially., etc…;

ECF No. 342 at PageID.3184 ¶ 16.a.

Thus, based on a failure to provide any basis as to how Plaintiff could file an amended complaint to state a plausible federal claim, the court DISMISSES this action and all its federal claims without leave to amend.  *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").  The court declines supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3) and DISMISSES those claims without prejudice to refiling in state court.  *See Thunderfoot,* 2023 WL 5413852, at *13 (informing Plaintiff that, if the court declines leave to amend the federal claims, the court would dismiss the state law claims without prejudice).  The Clerk of Court shall close the case file.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, September 19, 2023.



      /s/ J. Michael Seabright
      J. Michael Seabright
      United States District Judge

*Thunderfoot v. United States of America, et al.*; Civ. No. 23-00006 JMS-KJM; Order (1) Denying Motion for Reconsideration, ECF No. 342, and (2) Dismissing Action